IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER T. PETERSON, | § | |
| HC SPN 00936484, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-85 |
| | § | |
| TOMMY THOMAS, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff Christopher T. Peterson, an inmate incarcerated in the Harris County, Texas Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint alleging that Sergeant Bailey threatened him if he filed any more grievances and deputies Clay and Joseph refused to assist him in obtaining medical care. Plaintiff also complains that Sheriff Tommy Thomas failed to respond to his letter complaining of the actions of defendants Clay and Joseph and to take corrective action against these officers. (Docket Entry No.1). For the reasons to follow, the Court will dismiss plaintiff's complaint.

Background

Plaintiff reports that he fell as he exited the shower in the Harris County Jail on October 27, 2004. (Docket Entry No.1). He hurt his lower back and bumped his head. Deputy Small immediately contacted the medical staff. Small told plaintiff because he was not bleeding and no bones were broken that he should submit a sick call request to be seen by medical. Later that day, plaintiff approached deputies Clay and Joseph. Deputy Joseph laughed and admonished plaintiff by stating, "You're in jail; stop your crying." Clay said, "It's no[t] my concern if you fell as long as you are not assaulting my deputies."

Plaintiff wrote Sheriff Thomas a letter about Clay and Joseph. Thomas did not respond to the letter. Plaintiff also filed a grievance on October 27th.

On November 2nd, plaintiff was interviewed by Sergeant Zotch about the grievance. Plaintiff informed Zotch that his lower back and left eye were hurting and his vision was blurry. Zotch told plaintiff that Clay and Joseph were wrong and should have taken his injuries more seriously. Zotch instructed Deputy Monroe to take plaintiff to the medical department.

At the medical department, plaintiff's head and lower back were x-rayed. While being escorted back to jail, plaintiff began to feel light-headed and his nose started to bleed. He was taken back to medical where he was seen and treated. On November 3, 2004, plaintiff began to experience aches and migraine headaches. He completed a request to be seen by medical.

On November 4th, Sergeant Zotch called plaintiff to the sergeant's office, where Sergeant Zotch, Sergeant Bailey, and an unknown deputy were waiting. Sergeant Bailey immediately chastised plaintiff about writing the grievance. He asked plaintiff if he knew where he was and if he wrote the grievance. When plaintiff responded affirmatively, Bailey showed him a drawing of a shark and said, "Let me tell you about filing grievances! Something can come back and bite you in the a--!" Bailey threatened, "You are in my house and you better forget this filing sh-t or things are going to get rough for you." (Docket Entry No.7). Bailey then told plaintiff that he was going to rule the grievance unfounded and ordered plaintiff to sign it. The unknown officer popped open a knife and began to clean his fingernails. Out of fear of being brutally beaten, plaintiff printed his name. (Docket Entry No.1). Bailey then told plaintiff to break his pens and get out of the office.

Plaintiff indicates that he has suffered permanent damage to his left eye from the fall. (Docket Entry No.7). Medical staff could not diagnose his lower back injury but have prescribed pain medication.

2

Plaintiff seeks compensatory relief against defendants in their official and individual capacities. (Docket Entry No.1).

## Standard of Review

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations

are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

### Threats to Retaliate

To state a valid claim for retaliation under section 1983, an inmate must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Plaintiff fails to show that Sergeant Bailey engaged in a retaliatory act because plaintiff exercised a constitutional right. According to plaintiff, Bailey implicitly threatened him with future harm if plaintiff wrote another grievance. The threats and gestures of a custodial officer, without a physical assault, do not amount to a constitutional violation even if true. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); *see also Petta v. Rivera*, 143 F.3d 895, 904 (5th Cir. 1999). Plaintiff does not allege that he was physically assaulted by the deputy when he threatened him. Therefore, his claim of threatening language falls short of a section 1983 claim.

Plaintiff also claims that the indifference shown by deputies Clay and Joseph to his request for medical assistance constitutes retaliation. Plaintiff, however, fails to state facts that show Clay and Joseph intended to retaliate against plaintiff for seeking medical treatment.

Accordingly, plaintiff's retaliation claims against Bailey, Joseph, and Clay are legally frivolous and will be dismissed.

### Delay in Medical Care

Plaintiff complains that deputies Clay and Joseph were deliberately indifferent to his serious medical needs because they did not provide assistance in obtaining medical care when requested. A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the

4

conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990).

Plaintiff does not indicate whether he was a pre-trial detainee or a convicted inmate at the time of the incident at issue. A pre-trial detainee and a convicted prisoner look to different constitutional provisions for their respective rights to basic needs such as medical care and safety. The constitutional rights of a convicted state prisoner is based on the Eighth Amendment's prohibition on cruel and unusual punishment while the constitutional rights of a pre-trial detainee flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996). A pre-trial detainee's due process rights are at least as great as the Eighth Amendment protections available to a convicted prisoner. *Id.*

A state law enforcement official's constitutional liability to a pretrial detainee for episodic acts or omissions[1] is measured by a standard of subjective deliberate indifference as enunciated by the Supreme Court in *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hare* 74 F.3d at 643. "Subjective deliberate indifference" means subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference. *Id.* at 650. "Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A law

---

[1] To analyze properly a claim under the Due Process Clause of the Fourteenth Amendment, a court must first determine whether the claim is an attack on a condition of confinement or an episodic act or omission. *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc). The former category includes claims such as the number of bunks in a cell or television privileges, while the latter occurs "where the complained-of-harm is a particular act or omission of one or more officials." *Id.* Plaintiff's claims fall into the latter category.

enforcement official's "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 838; *Hare*, 74 F.3d at 648. A pre-trial detainee or a convicted inmate, however, need not show that a law enforcement official acted, or failed to act, believing that harm actually would befall him; it is enough that the official acted, or failed to act, despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842-43; *see Hare*, 74 F.3d at 648-50. Under certain exceptional circumstances, a law enforcement official's knowledge of a substantial risk of harm may be inferred by the obviousness of the risk. *Farmer*, 511 U.S. at 843 and n. 8.

Deliberate indifference to serious medical needs may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "[F]acts underlying a claim of 'deliberate indifference' must clearly evince the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id.* Assertions of inadvertent failure to provide medical care or negligent diagnosis, however, are insufficient to state a claim. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

Plaintiff does not indicate in his complaint or more definite statement what he told Clay and Joseph when they came to his cell and he did not submit a copy of the grievance that he filed against them. The responses that plaintiff alleges Clay and Joseph made, however, indicate that he told them that he had fallen earlier in the day and that he was in pain. Moreover, plaintiff does not

6

indicate whether he submitted a sick call request as Deputy Small instructed him to do or whether Clay and Joseph were aware that he had or had not submitted such a request. Furthermore, he does not indicate whether Clay and Joseph were aware that Deputy Small had contacted the medical department earlier that day. In short, under the facts alleged, plaintiff has failed to pled sufficient facts from which it could be inferred that Clay or Joseph knew plaintiff's medical problems were serious and intentionally delayed or refused to obtain medical assistance. Accordingly, plaintiff's deliberate indifference claims against Clay and Joseph will be dismissed for failure to state a claim.

## Respondeat Superior

Plaintiff complains that Sheriff Tommy Thomas did not respond to his letter complaining of the actions of Deputies Clay and Joseph and did not take corrective action on his complaint.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 will not support a claim based on *respondeat superior* or vicarious liability. *Pierce v. Texas Dept. of Criminal Justice-Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983). Each defendant must either actively participate in the acts complained of or, implement unconstitutional policies that result in injury. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992). Liability based on one's supervisory capacity exists if the supervisor is personally involved in the constitutional deprivation or a sufficient causal connection exits between the supervisor's wrongful conduct and the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

Plaintiff does not allege that Sheriff Thomas was personally involved in the alleged acts, which form the basis of this suit, and he does not allege that Thomas instituted any unconstitutional policies that gave rise to his injuries. He complains that Thomas failed to respond to his letter and to take corrective action on Clay and Joseph's failure to assist him with medical care. Plaintiff does not state, and the Court is not aware of a constitutional right or a federal law that requires a sheriff to respond to an inmate's letter or to take action on an inmate's complaint in the manner in which the inmate so requests. Plaintiff's complaints against Sheriff Thomas are without a legal basis and will be dismissed.

## Conclusion

Based on the foregoing, the Court ORDERS this cause of action DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk will provide copies of this Order to the parties, to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.

Signed at Houston, Texas, this 7th day of June, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE